UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:06-CV-1-R

LISA OLIVER,                                                                                              PLAINTIFF

v.

GREG REYNOLDS, et. al.,                                                                        DEFENDANTS

### OPINION & ORDER

This matter comes before the Court on the Plaintiff's Motion to Vacate, Alter or Amend (Docket #62) the Memorandum Opinion issued by this Court on July 25, 2007, with respect to the Plaintiff's claims for unlawful arrest and unlawful imprisonment (Docket #53). For the following reasons, the Plaintiff's Motion is **DENIED**.

### STANDARD

The court may grant a motion to alter or amend, pursuant to Federal Rule of Civil Procedure 59(e), "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice." *GenCorp v. American International*, 178 F.3d 804, 834 (6th Cir.1999) (internal citations omitted). "[C]ourts typically will consider additional evidence accompanying a Rule 59(e) motion only when it has been newly discovered, and that to [c]onstitute 'newly discovered evidence,' the evidence must have been previously unavailable." *GenCorp*, 178 F.3d at 834. A FRCP 59(e) motion to alter does not provide the Plaintiff another opportunity to argue the merits of their case. *GenCorp* at 834.

### DISCUSSION

The Plaintiff contends that the Court erred when it dismissed the Plaintiff's unlawful arrest and unlawful imprisonment claims because the unlawful search precludes the Court from considering evidence obtained for purposes of determining if Reynolds had probable cause to

arrest Ms. Oliver. The Plaintiff argues that under the "exclusionary rule," information obtained during an unlawful search is inadmissible in this matter, and therefore, Officer Reynolds could not have relied upon such evidence when he arrested Ms. Oliver. In support of this argument, the Plaintiff cites the Sixth Circuit Court of Appeals case of *Painter v. Robinson*, 185 F.3d 557, 569 (6th Cir. 1999), asserting that the case stands for the proposition that when the only evidence that provided probable cause was the product of an unlawful search, then the arrest was also unlawful. In addition, the Plaintiff also contends that Reynolds is not entitled to qualified immunity because he had no probable cause to arrest Ms. Oliver. However, the Plaintiff's arguments regarding the exclusionary rule are flawed, and she has misinterpreted the holding in *Painter*, and therefore, the Plaintiff is not entitled to a vacation, altering or amendment of judgment on those issues.

The United States Supreme Court, in *Pennsylvania Bd. of Probation and Parole v. Scott*, 524 U.S. 357, 364 (1998), noted that the exclusionary rule does not apply to proceedings other than criminal trials. *See also Wolf v. C.I.R.*, 13 F.3d 189, 194 (6th Cir. 1993)("[w]here evidence is obtained in an allegedly illegal search in furtherance of a criminal investigation, it is generally unlikely that application of the exclusionary rule to bar the evidence in a secondary civil proceeding will deter future Fourth Amendment violations."); *Chatman v. Slagle*, 107 F.3d 380, 382-83 (6th Cir. 1997)("the reasoning which supports the use of the Fourth Amendment exclusionary rule and the related inevitable discovery doctrine in criminal cases does not apply in civil rights actions."); *United States v. Janis*, 428 U.S. 433 (1976); *BJS No. 2, Inc. v. Troy Police Dept.*, WL 25565319, *3-*4 (S.D. Ohio Aug. 20, 2003). Accordingly, the Court finds that the exclusionary rule does not apply to this matter, and therefore, when determining whether

or not Reynolds had probable cause to arrest Oliver for purposes of *civil* liability, the Court may consider the evidence Reynolds discovered that was excluded in the criminal proceeding.

In *Painter*, the Court did not hold that the exclusionary rule precludes the district court from considering evidence obtained from an improper search in a civil rights case, as the term "exclusionary rule" does not appear within the body of the opinion. Nor did the Court hold that in a civil rights matter if an officer discovers evidence during an unlawful search, a subsequent arrest by an officer in which he relies on that evidence means the arrest is unlawful. Rather, as pertinent to the instant matter, the Court addressed whether the officer had probable cause to arrest the plaintiff for carrying a firearm. *Painter*, 185 F.3d at 569-70. In noting that "[a] section 1983 wrongful arrest claimant must prove that the arresting officers lacked probable cause to believe that the suspect had committed the charged crime," the Court reversed the district court's determination that the officer had probable cause to arrest the plaintiff because:

> a peace officer, in assessing probable cause to effect an arrest, may not ignore information known to him which proves that the suspect is protected by an affirmative legal justification for his suspected criminal actions. [] In the instant case, upon construction of the record most favorably for the plaintiff, a reasonable officer in Robertson's position would have known that Painter legally carried his concealed handgun as authorized by Ohio Rev.Code § 2923.12(C)(2). Accordingly, the district court improperly awarded summary judgment to Robertson on the basis of qualified immunity.

*Painter* at 570-71. Accordingly, the Court properly applied the probable cause standard in determining that Reynolds did not unlawfully arrest or imprison Ms. Oliver.

In regards to the qualified immunity argument due to a lack of probable cause, the Court notes that the Plaintiff made a similar argument in her response to the Defendants' motion for summary judgment, and therefore, the Plaintiff is attempting to reargue the merits of this issue, which is prohibited under FRCP 59(e). *GenCorp*, 178 F.3d at 834. Nonetheless, in reviewing the

memorandum opinion, the Court determined that Reynolds had probable cause to arrest Ms. Oliver because:

> [a]t the time Reynolds arrested Ms. Oliver, the following facts had been discovered: 1) a party was taking place at the Oliver residence; 2) sixteen (16) minors were charged with possession of alcohol; 3) Oliver was upstairs in her bedroom and claims that she did not know about the size of the party; and 4) alcohol was in plain view in the basement of the Oliver residence. Reynolds also claims that after he and Wentworth broke up the party, some of the minors informed him that parties at the Oliver residence where alcohol is available to minors are common, and that the Plaintiff not only knew that these parties took place, but also may have supplied a refrigerator in the basement for the purposes mentioned.

See Memorandum Opinion at 18. The Court also noted that "[w]hile probable cause is a more stringent standard than reasonable suspicion, it does not require the officer to prove his/her suspicions to be correct or more likely true than false." *Id.* (citing *U.S. v. Caicedo*, 85 F.3d 1184, 1192 (6th Cir. 1996)). As previously determined, the Court found that based on the statute, Reynolds had probable cause to arrest Ms. Oliver in violation of KRS 530.070(1)(a) & (b), and therefore, the claims for unlawful arrest and imprisonment failed as a matter of law.

In addition, the Court also determined that even if those claims could go forward, Reynolds was entitled to qualified immunity. For purposes of this argument only, the Court shall assume that Reynolds did violate the Fourth Amendment rights of Ms. Oliver when he arrested her that evening. However, under the qualified immunity standard set out in *Saucier v. Katz*, 553 U.S. 194, 201 (2001), Officer Reynolds would still be entitled to qualified immunity because under the circumstances Reynolds should not have known that arresting Ms. Oliver for "knowingly induc[ing], assist[ing], or caus[ing] a minor to engage in any other criminal activity" after discovering "1) a party was taking place at the Oliver residence; 2) sixteen (16) minors were charged with possession of alcohol; 3) Oliver was upstairs in her bedroom and claims that

she did not know about the size of the party; and 4) alcohol was in plain view in the basement of the Oliver residence," violated her constitutional rights because the evidence indicate she may have knowingly assisted the minors in the underage consumption of alcohol. Accordingly, the Court did not err in determining that Reynolds had probable cause to arrest Ms. Oliver and that Reynolds would be entitled to qualified immunity.

## CONCLUSION

**IT IS SO ORDERED:**

For the foregoing reasons, the Plaintiff's Motion to Vacate, Alter or Amend (Docket #62) is **DENIED**.